IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


JEROME J. HOOG,

                    Plaintiff,

vs.                                    Case No. 15-9123-SAC

CAROLYN W. COLVIN,
Acting Commissioner of
Social Security,

                    Defendant.


MEMORANDUM AND ORDER

        This is an action reviewing the final decision of the
Commissioner of Social Security denying the plaintiff disability
insurance benefits.   The matter has been fully briefed by the
parties.

**I.  General legal standards**

        The court's standard of review is set forth in 42 U.S.C.
§ 405(g), which provides that "the findings of the Commissioner
as to any fact, if supported by substantial evidence, shall be
conclusive."   The court should review the Commissioner's
decision to determine only whether the decision was supported by
substantial evidence and whether the Commissioner applied the
correct legal standards.   Glenn v. Shalala, 21 F.3d 983, 984
(10th Cir. 1994).   Substantial evidence requires more than a
scintilla, but less than a preponderance, and is satisfied by

such evidence that a reasonable mind might accept to support the conclusion.  The determination of whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it really constitutes mere conclusion.  Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989).  Although the court is not to reweigh the evidence, the findings of the Commissioner will not be mechanically accepted.  Nor will the findings be affirmed by isolating facts and labeling them substantial evidence, as the court must scrutinize the entire record in determining whether the Commissioner's conclusions are rational.  Graham v. Sullivan, 794 F. Supp. 1045, 1047 (D. Kan. 1992).  The court should examine the record as a whole, including whatever in the record fairly detracts from the weight of the Commissioner's decision and, on that basis, determine if the substantiality of the evidence test has been met.  Glenn, 21 F.3d at 984.

The Social Security Act provides that an individual shall be determined to be under a disability only if the claimant can establish that they have a physical or mental impairment expected to result in death or last for a continuous period of twelve months which prevents the claimant from engaging in substantial gainful activity (SGA).  The claimant's physical or mental impairment or impairments must be of such severity that

they are not only unable to perform their previous work but
cannot, considering their age, education, and work experience,
engage in any other kind of substantial gainful work which
exists in the national economy.  42 U.S.C. § 423(d).

The Commissioner has established a five-step sequential
evaluation process to determine disability.  If at any step a
finding of disability or non-disability can be made, the
Commissioner will not review the claim further.  At step one,
the agency will find non-disability unless the claimant can show
that he or she is not working at a "substantial gainful
activity."  At step two, the agency will find non-disability
unless the claimant shows that he or she has a "severe
impairment," which is defined as any "impairment or combination
of impairments which significantly limits [the claimant's]
physical or mental ability to do basic work activities."  At
step three, the agency determines whether the impairment which
enabled the claimant to survive step two is on the list of
impairments presumed severe enough to render one disabled.  If
the claimant's impairment does not meet or equal a listed
impairment, the inquiry proceeds to step four, at which the
agency assesses whether the claimant can do his or her previous
work; unless the claimant shows that he or she cannot perform
their previous work, they are determined not to be disabled.  If
the claimant survives step four, the fifth and final step

requires the agency to consider vocational factors (the claimant's age, education, and past work experience) and to determine whether the claimant is capable of performing other jobs existing in significant numbers in the national economy. Barnhart v. Thomas, 124 S. Ct. 376, 379-380 (2003).

The claimant bears the burden of proof through step four of the analysis. Nielson v. Sullivan, 992 F.2d 1118, 1120 (10th Cir. 1993). At step five, the burden shifts to the Commissioner to show that the claimant can perform other work that exists in the national economy. Nielson, 992 F.2d at 1120; Thompson v. Sullivan, 987 F.2d 1482, 1487 (10th Cir. 1993). The Commissioner meets this burden if the decision is supported by substantial evidence. Thompson, 987 F.2d at 1487.

Before going from step three to step four, the agency will assess the claimant's residual functional capacity (RFC). This RFC assessment is used to evaluate the claim at both step four and step five. 20 C.F.R. §§ 404.1520(a)(4), 404.1520(e,f,g); 416.920(a)(4), 416.920(e,f,g).

## II. History of case

On January 7, 2015, administrative law judge (ALJ) Michael Comisky issued his decision (R. at 12-23). Plaintiff alleges that he had been disabled since April 1, 2011 (R. at 12). Plaintiff meets the insured status requirements for social security disability benefits through December 31, 2016 (R. at

4

14).  At step one, the ALJ found that plaintiff did not engage

in substantial gainful activity since April 1, 2011 (R. at 14).

At step two, the ALJ found that plaintiff had a severe

combination of impairments (R. at 14).  At step three, the ALJ

determined that plaintiff's impairments do not meet or equal a

listed impairment (R. at 14).  After determining plaintiff's RFC

(R. at 16), the ALJ found at step four that plaintiff could not

perform past relevant work (R. at 22).  At step five, the ALJ

found that plaintiff could perform other jobs that exist in

significant numbers in the national economy (R. at 22-23).

Therefore, the ALJ concluded that plaintiff was not disabled (R.

at 23).

**III.  Did the ALJ err by failing to consider the finding of the Veterans Administration (VA) that plaintiff had a service-connected disability?**

A VA medical record progress note dated December 3, 2012

states that plaintiff reported that he is 50%SC for depression

and 10%SC for tinnitus (R. at 321, 323).[1]  Another VA progress

note dated February 25, 2013 states that plaintiff draws 60%SC

from the VA (R. at 640).[2]  The ALJ never mentioned this

---

[1] SC is an abbreviation for service-connected (http://helpdesk.vetsfirst.org/index, Aug. 26, 2016).  Tinnitus is defined as noises (ringing, whistling, booming, etc.) in the ears.  Stedman's Medical Dictionary (25th ed., 1990 at 1603).

[2] VA records from January 2010 state that plaintiff was then currently service-connected at 30% for chronic adjustment disorder and 10% for tinnitus.  Plaintiff was seeking an increase to his adjustment disorder.  Dr. Klayman indicated that plaintiff's symptomatology has increased in that he now experiences more frequent panic attacks and symptoms of anxiety (R. at 282-284).

disability rating by the VA in his decision.  Defendant does not dispute the disability rating by the VA or the ALJ's failure to discuss it, but argues that the failure to discuss it was harmless error, specifically noting that the ALJ extensively discussed the VA treatment records (Doc. 9 at 12-13).

In Baca v. Department of Health and Human Services, 5 F.3d 476, 480 (10th Cir. 1993), Mr. Baca was determined to be 50% disabled by the VA prior to expiration of his insured status. The court held that the ALJ should have considered the VA disability rating in making his decision, holding that findings by other agencies are not binding on the Commissioner, but they are entitled to weight and must be considered.  The court found that when considered in conjunction with his potential mental impairment, the rating may provide evidence that Mr. Baca is disabled within the meaning of the Social Security Act.

In Grogan v. Barnhart, 399 F.3d 1257, 1262-1263 (10th Cir. 2005), Grogan had been found to be 100% disabled for less than one year, and thereafter the VA found that his level of permanently disability was 60%.  The court again found that although another agency's determination of disability is not binding on the Social Security Administration, it is evidence that the ALJ must consider and explain why he did not find it persuasive.  The court held that the failure to discuss the VA disability evaluation was reversible error.

SSR 06-03p, promulgated on August 9, 2006, states that
although a determination by another agency (including the VA) is
not binding on the Social Security Administration, evidence of a
disability decision by another governmental or nongovernmental
agency cannot be ignored and must be considered.  The ALJ should
explain the consideration given to these decisions.  2006 WL
2329939 at 6-7.  SSR rulings are binding on an ALJ.  20 C.F.R. §
402.35(b)(1); Sullivan v. Zebley, 493 U.S. 521, 530 n.9, 110 S.
Ct. 885, 891 n.9, 107 L. Ed.2d 967 (1990); Nielson v. Sullivan,
992 F.2d 1118, 1120 (10th Cir. 1993).

In Radlin v. Colvin, 2015 WL 6031382 at *3 (D. Kan. Oct.
15, 2015), the ALJ failed to discuss or mention Radlin's VA
service-connected disability rating.  The Commissioner argued
that although the ALJ did not explicitly address the VA
disability rating, the ALJ stated that she considered the entire
record, which included 1,500 pages of VA treatment notes, and
that the failure to explicitly address the disability finding is
harmless error.  The court rejected this argument, finding that
SSR 06-03p and 10th Circuit law requires explanation in the ALJ
decision as to what consideration and what weight the ALJ gave
to the VA disability determination.  The court held that because
of the ALJ's failure to even mention the VA disability rating,
the court cannot determine whether the ALJ considered it, and
the court stated that it cannot create post-hoc rationalizations

7

to explain the Commissioner's treatment of evidence when that treatment is not apparent from the Commissioner's decision itself.  The court held that the ALJ's failure to discuss the VA disability rating requires reversal and remand for further consideration.

The 10th Circuit case law and SSR 06-03p are clear and unambiguous.  The ALJ's failure in this case to mention or discuss plaintiff's VA disability rating requires this case to be reversed and remanded for further hearing in order for the Commissioner to consider and discuss the VA disability rating. The court agrees with the court in <u>Radlin</u> that the failure to consider the VA disability rating is not harmless error, even though, as <u>Radlin</u>, the ALJ considered the extensive VA medical treatment records.  Because of the ALJ's failure to even mention the VA disability rating, the court cannot determine whether the ALJ considered it.  Furthermore, given the fact that the ALJ also failed to consider the medical opinion of Dr. Leona Graham that plaintiff was disabled under the Social Security Act (R. at 214), as conceded by the Commissioner in her brief (Doc. 9 at 12), this case shall be remanded in order for the Commissioner to consider and address both the VA disability rating and the medical opinion of Dr. Graham.  On remand, the ALJ and/or plaintiff should seek to obtain from the VA any reports that may be available regarding the VA disability determination.

## IV.  Other issues raised by plaintiff

Plaintiff also alleges a number of other errors, including the RFC findings, the relative weight given to other medical source opinions, and the vocational expert testimony regarding plaintiff's ability to perform other jobs given his RFC.  These issues will not be addressed because they may be affected by the ALJ's resolution of the case on remand after the ALJ considers the VA disability rating and the opinion of Dr. Graham.  See Robinson v. Barnhart, 366 F.3d 1078, 1085 (10th Cir. 2004).  However, on remand, the ALJ should address, in light of a finding that plaintiff has severe physical limitations, how those limitations are reflected in plaintiff's RFC, and whether medical opinion evidence is needed on this issue.

IT IS THEREFORE ORDERED that the judgment of the Commissioner is reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this memorandum and order.

Dated this 2nd day of September 2016, Topeka, Kansas.


s/Sam A. Crow
Sam A. Crow, U.S. District Senior Judge